# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:05cv247

| | | |
|---|---|---|
| **VIRGIL H. COOK and spouse, EMMA J. COOK; CLINARD R. WOODS and spouse, KAY F. WOODS; and TERENCE DANA CRANFORD, individually, and on behalf of all others similarly situated,** | ) ) ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) ) | |
| **Vs.** | ) ) | **ORDER** |
| **MEDTRONIC, INC.,** | ) ) | |
| **Defendant.** | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon defendant Medtronic, Inc.'s Motion for Protective Order Staying Discovery. After filing its Answer to the Complaint, defendant filed two dispositive motions: (1) Motion for Judgment on the Pleadings, filed September 16, 2005; (2) Motion for Summary Judgment, filed September 19, 2005. In the Motion for Judgment on the Pleadings, defendant contends that the facts alleged show no compensable injury actionable under North Carolina law. This motion is supported by a 15 page brief. In the Motion for Summary Judgment, defendant contends that plaintiffs' state law claims should be dismissed under "medical device preemption," which is a subset of federal preemption under the Supremacy Clause. This motion is supported by a 22 page brief. Inasmuch as defendant has requested a hearing, that request will be granted; however, defendant should be prepared to discuss with the court why one motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, with two separate theories for such dismissal, was not filed. Respective counsel should be aware that the courts resources are limited and are diminishing when compared with growth in the Bar. Efficiency in pleading is greatly appreciated.

Turning to the instant motion to stay discovery, there simply is no discovery to stay. While parties are encouraged by this court to engage in discovery well before the action is even filed and

up to the day of trial, the time within which a court will "referee" discovery is much narrower, and is limited in the first instance by the Rule 26(d), Federal Rules of Civil Procedure, and in the end by the Pretrial Order and Case Management Plan.  In this case, no Certificate of Initial Attorneys Conference has been filed, and no Pretrial Order and Case management Plan has been entered by the court.  Court-enforceable discovery is inappropriate where the parties have not developed a proposed discovery plan pursuant to Rule 26(f), Federal Rules of Civil Procedure, and no Pretrial Order has been entered.  Simmons v. Justice, 87 F.Supp.2d 524, 535 (W.D.N.C. 2000).  By placing such limits on court-enforceable discovery, the court can give its full attention to either preliminary issues such as a motion to dismiss, or final issues such as trial preparation, without the distraction of discovery disputes.

As a general rule, this court takes the position that regardless of when the attorneys actually conduct their first meeting, court-enforceable discovery does not commence until the Pretrial Order and Case Management Plan is entered.  It follows then that a court cannot stay that which has not commenced.

Counsel for defendant is advised that plaintiff has filed a separate case in this case which appears to concern injuries allegedly caused by another pace maker provided by another manufacturer.  See Cook v. Guidant Corp., 1:05cv275 (W.D.N.C. 2005).  The court is concerned that defenses in each of these actions could exist which may result in inconsistent results or verdicts. If it is alleged that plaintiff has suffered injury to his heart muscle due to the implantation of a defective device, receiving a recovery in two separate suits for the same injury could clearly violate "the fundamental legal principle that there can be only one recovery of damages for one wrong or injury."  Southern Pines Chrysler-Plymouth, Inc. v. Chrysler Corp., 826 F.2d 1360, 1365 (4th Cir. 1987).  Besides the possibility of an inequitable result for the parties, the impact that inconsistent decisions could have on public confidence in its system of justice must also be considered.

> Duplication is to be avoided because it wastes scarce judicial resources, but the possibility of inconsistent results is far more serious, as it undermines confidence in the judicial process as a whole.

<u>Magett v. Sheahan</u>, 1996 WL 153887, 3 (N.D.Ill.1996).[1]  As mentioned above, federal trial courts are lagging far behind growth in both the Bar and the complexity of the litigation presented.

### ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Protective Order Staying Discovery is **DENIED** as moot, and that defendant's Motion for Judgment on the Pleadings and Motion for Summary Judgment are **CALENDARED** for hearing on November 3, 2005, at 2 p.m.

As a matter of housekeeping, respective counsel should advise the court whether this action is subject to any proceedings before the Judicial Panel on Multidistrict Litigation.

---

[1]      Due to the limitations of electronic filing, a copy of such unpublished decision is incorporated by reference to the Westlaw citation.

**Signed: October 18, 2005**


Dennis L. Howell
United States Magistrate Judge